UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| _____ | ORDER GRANTING DEFENDANT DOUBLE QUICK, INC'S MOTION TO DISMISS |
| This document relates to: | |
| George and Donna Campbell v. Bayer Corporation, et al., No. 3-cv-2708 | |

Double Quick, Inc. ("Double Quick") moves this court to dismiss the claims of George and Donna Campbell pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. Having reviewed the motion, the response filed, and the reply thereto, the court hereby finds and rules as follows:

Mr. Campbell alleges that he suffered a stroke following ingestion of Alka-Seltzer Plus, a phenylpropanolamine ("PPA")-containing product. Alka-Seltzer Plus is manufactured by Bayer Corporation ("Bayer"). Mr. Campbell further alleges that he purchased the Alka-Seltzer Plus product at Double Quick, a

ORDER
Page - 1 -

1  retailer.

2  Mr. Campbell originally filed his claim in the Circuit Court
3  of Bolivar County, Second Judicial District, Mississippi. The
4  action was removed to federal court on the basis of diversity of
5  citizenship and ultimately transferred to this court as part of
6  MDL 1407. In the complaint, Mr. Campbell alleges claims for
7  strict liability, negligence, breach of warranty, and negligent
8  misrepresentation. Mrs. Campbell alleges claims for loss of
9  consortium.

10  On December 1, 2003, plaintiffs filed a motion to remand the
11  case back to Mississippi state court. Bayer opposed the motion,
12  arguing that Double Quick had been fraudulently joined for the
13  purpose of defeating diversity jurisdiction. The court agreed and
14  on May 5, 2004 issued an order denying plaintiff's motion to
15  remand. In the order, the court held that plaintiffs had failed
16  to state a cause of action against Double Quick, and that the
17  failure is obvious according to the settled rules of Mississippi.
18  Double Quick now moves the court to dismiss plaintiffs' claims
19  against it.

20  This court has ruled on the legal issue of whether a claim
21  has been stated against Double Quick, and under the law of the
22  case doctrine, the court is precluded from reexamining the issue
23  absent a showing of substantially different evidence, of a change
24  in controlling authority, or that the decision was clearly
25  erroneous and would work a manifest injustice. <u>Sentry Life Ins.</u>
26

ORDER
Page - 2 -

Co. v. Roberts, 86 F.3d 1163, 1996 WL 267326 (9th Cir. 1996)(law of the case doctrine is intended to maintain consistency and avoid reconsideration during a single lawsuit); Pit River Home and Agr. Co-Op Ass'n. v. U.S., 30 F.3d 1088, 1096-97 (9th Cir. 1994)(law of the case ordinarily precludes a court from reexamining an issue previously decided by the same court in the same case); Moore v. James H. Matthews & Co., 682 F.2d 830, 833-34 (9th Cir. 1982)(discretion of a court to review earlier decisions should be exercised sparingly so as not to undermine the salutary policy that underlies the law of the case rule). The plaintiffs have made no such showing.

Based on the foregoing, the court GRANTS Double Quick's motion to dismiss plaintiffs' claims pursuant to Federal Rule 12(b)(6) and hereby dismisses the claims against Double Quick with prejudice.

DATED at Seattle, Washington this 26th day of July, 2005.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT JUDGE

ORDER
Page - 3 -